IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE MIGUEL REYES-JOVEL,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Detention; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; and UNITED STATES CUSTOMS IMMIGRATION,

Respondents.[1]

**8:26CV636**

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On October 19, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention while his appeal of his removal order in the Eighth Circuit is pending and raising claims regarding his conditions of confinement. Filing No. 1. Also on October 19, 2026, the Clerk of the Court sent a notice acknowledging receipt of the petition to Petitioner at his last known address at the Lincoln County Jail and it was returned to this Court as undeliverable on October 29, 2026. *See* Filing No. 7. Because the Court cannot determine whether Petitioner has been removed from the United States or has simply been transferred to another detention facility, and pursuant to 28 U.S.C. § 2243 and Rule 4 of the *Rules Governing Section 2254 Proceedings for the United States District Courts*,[2]

---

[1] The Court has corrected the spelling of the Respondents' names and will direct the Clerk of the Court to update the caption to reflect these corrected spellings.

[2] Rule 1(b) of the *Rules Governing Section 2254 Proceedings for the United States District Courts* permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

IT IS ORDERED:

1. The Clerk of the Court is directed to update the caption to reflect the spelling of the Respondents' names as they appear above in the caption of this order.

2. The Clerk of the Court shall, before docketing this order, add Assistant U.S. Attorney Christopher L. Ferretti for the federal Respondents solely for the purpose of providing notice and so that the U.S. Attorney's Office may assign counsel of record and shall, after doing so, regenerate the filing for the petition.

3. Respondents shall, on or before **November 10, 2026**, make a return certifying the true cause and proper duration of Petitioner's detention, including whether Petitioner is presently detained or whether he has been removed from the United States, and showing cause why the writ should not be granted.

4. Respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of Petitioner's detention in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact explaining Respondent's legal position on Petitioner's claims; and

   c. The government's position on whether an evidentiary hearing should be conducted.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 10, 2026**: deadline for Respondents' response.

Dated this 2nd day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge