IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE MIGUEL REYES-JOVEL,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Detention; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE, and UNITED STATES CUSTOMS IMMIGRATION,

Respondents.

**8:26CV636**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jose Miguel Reyes-Jovel's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Filing No. 1, and the Respondents'[1] response to the petition, Filing No. 9. For the reasons described below, the Court will deny the petition as moot and dismiss this action without prejudice.

## I. BACKGROUND

Petitioner, a native and citizen of El Salvador, filed his petition on October 19, 2026, seeking release from immigration detention because Immigration and Customs Enforcement ("ICE") had continued to hold him more than 180 days after he had been ordered removed. Petitioner had filed a previous habeas petition in this Court in Case No. 8:26CV493, which the Court initially granted, finding he was entitled to release on due-process grounds. Filing No. 13 at 3, Case No. 8:26CV493. Although an immigration judge had ordered Petitioner removed, the Court concluded that removal order was not yet final because Petitioner had appealed the decision to the Board of Immigration Appeals ("BIA") and no ruling had been made on the appeal. *Id.* at 4.

[1] For purposes of this order, the Respondents consist of all named Respondents but Jerome Kramer in his official capacity as Lincoln County Sheriff.

Before Petitioner was released, Respondents discovered the BIA had, in fact, dismissed the appeal, and filed notice with the Court of the same. Filing No. 18, Case No. 8:26CV493. The Court thereafter entered an order agreeing that Petitioner's removal order was administratively final and he was subject to mandatory detention during the removal period. Filing No. 19, Case No. 8:26CV493. Petitioner filed a motion for reconsideration, asserting he had sought judicial review of the BIA's dismissal order in the Eighth Circuit Court of Appeals. Filing No. 20, Case No. 8:26CV493. After taking judicial notice of the Eighth Circuit's public docket in *Jose Reyes Jovel v. Todd Blanche*, Case No. 26-2946, the Court denied Petitioner's motion on September 29, 2026, as Petitioner had not sought, nor had the Circuit Court granted, any stay of removal. Filing No. 22 at 3, Case No. 8:26CV493.

On October 2, 2026, Petitioner filed a Motion for Stay of Deportation with the BIA. Filing No. 11 at 3–4, ¶ 18. On October 8, 2026, the Executive Office for Immigration Review ("EOIR") rejected Petitioner's Motion for Stay of Deportation because the BIA had already issued their final order dismissing his appeal on September 9, 2026. *Id*. at 4, ¶ 19. On October 19, 2026, ICE removed Petitioner from the United States to El Salvador pursuant to the order of the Immigration Judge. *Id*., ¶ 20.

On October 29, 2026, an order sent to Petitioner at his last known address at the Lincoln County Jail was returned to this Court as undeliverable, and the Court directed the Respondents to file a response to the petition. Filing No. 8. Respondents filed their timely response, Filing No. 9, index, Filing No. 10, and supporting declaration, Filing No. 11.

## II. DISCUSSION

Respondents contend that, because Petitioner was removed to El Salvador on October 19, 2026, his petition is moot and this Court lacks jurisdiction. The Court agrees.

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. The parties must continue to have a personal stake in the outcome of the lawsuit" in order to avoid Article III mootness. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up). "Once a § 2241 petitioner has been removed from the United States and deported to his native country, however, his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III." *Estrada-Heredia v. Holder*, No. 12-CV-1157, 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citing cases), *report and recommendation adopted*, No. CIV. 12-1157, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *see also Castillo v. Holder*, No. 8:09CV324, 2010 WL 561030, at *1 (D. Neb.

Feb. 9, 2010) (habeas petitioner's challenge to detention associated with a removal order "became moot when she was removed from the United States and released from detention") (citing *Louismar v. Holder*, No. CA 09–0221, 2009 WL 2424445, *2 (S.D. Ala. Aug. 6, 2009) ("Several district courts, in addition to this Court, have determined that once a § 2241 petitioner has been removed from the United States and deported to his native country his petition seeking release from detention and ICE custody becomes moot as 'there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1.'")).

Here, Petitioner is subject to a final order of removal and sought release from his alleged prolonged ICE detention. Once Petitioner was removed on October 19, 2026, however, this Court could no longer provide Petitioner the relief he sought in his petition, and this case was rendered moot. *See, e.g.*, *Sirleaf v. Sec'y, Dep't of Homeland Sec.*, No. 17-CV-4126, 2018 WL 3407697, at *1 (D. Minn. June 19, 2018), *report and recommendation adopted*, No. 17-CV-4126, 2018 WL 3404154 (D. Minn. July 12, 2018) ("Sirleaf's removal from the United States leaves nothing for the Court to grant by way of habeas relief."); *Estrada-Heredia*, 2012 WL 4839113, at *2 ("This Court can no longer order the relief sought in the Petition—the immediate release of Estrada–Heredia from ICE detention pending removal to Mexico—because Estrada–Heredia has already been repatriated to Mexico.").

## III. CONCLUSION

In summary, Petitioner's detention with ICE has ended, and the Court cannot grant Petitioner the relief he seeks. Accordingly, the Court will deny the petition as moot

and dismiss this matter without prejudice for lack of jurisdiction.[2]

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice.

2. The Court will enter a separate judgment.

Dated this 10th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

[2] The certificate of appealability requirement of the Antiterrorism and Effective Death Penalty Act is not applicable to a federal prisoner filing a petition under 28 U.S.C. § 2241. *Mendez v. Mayorkas*, No. 421CV00061CRWHCA, 2021 WL 6618706, at *4 (S.D. Iowa June 28, 2021) (citing *Langella v. Anderson*, 612 F.3d 938, 939 n. 2 (8th Cir 2010); *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)).